SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X     Index No.
LYISHA ROBERSON,

                Plaintiff,                            **AMENDED COMPLAINT**

    -against-

GAVIN SKY INC. d/b/a/ LIBERTY TAX SERVICE
And JOHN DOES 1-5 Individual Shareholders and
Members of Gavin Sky Inc.,
                Defendant.
------------------------------------------------------------------X

Plaintiff, LYISHA ROBERSON, ("Roberson") by and through her attorneys, The Aboushi Law Firm, PLLC., as and for its Verified Complaint alleges as follow:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff, Lyisha Roberson, is an individual of full age and resident of the State of New York.

2. Upon information and belief, Gavin Sky Inc. d/b/a/ Liberty Tax Service, is a corporation and franchisee of Liberty Tax Service located at at 188 B Post Avenue, Westbury NY 11590.

3. Upon information and belief, the members of the corporation Gavin Sky Inc., are residents of the State of New York.

4. At all times hereinafter mentioned, Gavin Sky Inc., d/b/a Liberty Tax Services was and is a business entity doing business within the State of New York.

5. At all times hereinafter mentioned, Conseillant was a member of Gavin Sky, Inc.

6. At all times hereinafter mentioned, John Does 1-5 are shareholders, owners or members of Gavin Sky Inc.,

## FACTUAL ALLEGATIONS

7. In or about February of 2013, Plaintiff hired Liberty Tax Service to prepare and file her taxes for 2012. Liberty Tax Service collected from Plaintiff and maintained in its database her personal information, including, but not limited to, Plaintiff's name, date of birth, social security number, mailing address, home and work telephone numbers, bank account information and other personal and confidential information.

8. Gavin Conseillant (hereinafter "Conseillant), an employee, shareholder and member of Gavin Sky Inc., d/b/a/ Liberty Tax Service at the branch located at 188B Westbury, New York 11590, was assigned to prepare Plaintiff's taxes for said period.

9. Plaintiff did not sign her tax return nor was she given an opportunity to review her taxes before it was filed.

10. Conseillant told Plaintiff she would not be receiving a refund for the 2012 tax year.

11. Conseillant gave Plaintiff his cell phone to call him directly if there were any issues.

12. Thereafter, Plaintiff began receiving notices from the IRS that a refund was erroneously paid to her.

13. Plaintiff called Conseillant multiple times to inform him about the letter and he avoided her calls.

14. On March 11, 2013, Plaintiff received notice from the IRS that due to outstanding tax obligations, $1,977.58 of the $3,904.85 refund was used to pay the

outstanding debt.

15. Plaintiff continued to call Conseillant regarding the IRS's demand and he refused to answer her call. Plaintiff called Liberty Tax Service's main telephone number and employees would simply take a message for Conseillant who would then fail to call Plaintiff back.

16. On July 11, 2013, Plaintiff received a notice from the IRS that she owed $2,372.00.

17. On December 31, 2013, Plaintiff received another notice from the IRS claiming she owed $2,562.58.

18. On or about January 1, 2014, Plaintiff called the IRS to find out the basis of its letters.

19. Plaintiff was told Conseillant claimed Plaintiff was attending College at the Borough of Manhattan Community College.

20. Conseillant also claimed Plaintiff had two (2) children and declared them as her dependents.

21. The IRS noted that one of the children claimed as a dependent on Plaintiff's tax return was already claimed as a dependent on another person's tax return.

22. Plaintiff told the IRS she neither had children nor attended College at the Borough of Manhattan Community College.

23. Conseillant fraudulently used a bank account ending in "3526J", that was NOT the bank account provided by Plaintiff, as the account for which the IRS should direct deposit the refund.

24. Plaintiff's personal information had been fraudulently used by Conseillant to

receive a tax refund by the Internal Revenue Service ("IRS") for his benefit.

25. Thereafter, on or about March 10, 2016, Plaintiff became aware of a subsequent IRS tax lien that was filed against her in the amount of $3,380.00. Said tax lien is also directly related to Conseillant's fraudulent actions.

26. The IRS has placed the outstanding debt on Plaintiff's credit report thereby damaging her credit score and history.

27. Gavin Sky Inc., and its individual members and shareholders, John Does 1-5, were aware and had full knowledge of Conseillant's fraudulent transactions and failed to act to prevent damage to Plaintiff.

28. Upon information and belief, Conseillant has fraudulently procured tax refunds through misrepresenting client information on tax returns for many other clients of Liberty Tax Service for many years.

29. Gavin Sky Inc., its individual shareholders and members and Conseillant have sanctioned, assisted and benefitted from Conseillant's aforementioned fraudulent actions and he remained employed for several months thereafter.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Negligent Hiring and Supervision)**

30. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

31. This count states a claim against Defendant Gavin Sky Inc., for the negligent supervision and hiring of employees.

32. Defendant Gavin Sky Inc. knew or should have known about the criminal intent and fraudulent tendencies of its employee and shareholder, Conseillant. Yet, it

failed to exercise sufficient care and control in hiring and in supervising Conseillant so as to prevent him from committing fraud upon Plaintiff.

33. Defendants Gavin Sky Inc. knew or should have known that Conseillant posed a direct and immediate danger to Plaintiff and it had the ability to take action to protect Plaintiff, yet it failed to do so.

34. Plaintiff is owed a duty by the corporate Defendant Gavin Sky Inc. to safeguard the confidential personal information provided by Plaintiff from misuse of the information by their corporate employees.

35. Defendant breached that duty of care during training and/or supervision of its employee and thereby proximately caused Plaintiff to sustain serious psychological injuries and economic damages.

36. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract Implied and Express)**

37. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

38. Defendant Gavin Sky Inc. entered into an agreement with Plaintiff with respect to Plaintiff's filing of taxes for the year 2012.

39. Plaintiff paid Defendant $100 to file her taxes for said year.

40. By virtue of the business within which it is engaged, Defendant Gavin Sky Inc. recognized the obligation of protecting its consumers' confidential information.

41. Defendant breached its obligation to properly safeguard Plaintiff's confidential personal information by allowing its employee to use Plaintiff's personal information to fraudulently procure a tax refund.

42. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of Two Hundred Thousand Dollars ($200,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION
### (Retention of Incompetent and Unfit Employees)

43. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

44. This count states a claim against Defendant Gavin Sky Inc. for the retention of incompetent and unfit employees, members and shareholders.

45. Defendant Gavin Sky Inc. acted in a manner, which amounted to negligent hiring, training, monitoring and retention of incompetent employees, which resulted in the Plaintiff to suffer emotional distress and to have a tarnished credit history.

46. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

47. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

48. This is a claim against Defendant Gavin Sky Inc. for negligent infliction of emotional distress.

49. As demonstrated above, Defendant was negligent in failing to provide adequate training to its employees, negligent in safeguarding its customers' confidential personal information, and negligent in hiring and supervising its employees. Plaintiff suffered a direct impact due to the negligent acts and omissions of Defendant. Further, as a result of Defendant's negligent conduct, Plaintiff suffered serious emotional trauma and psychological injury which would normally be expected to occur to a reasonable person in her position.

50. Furthermore, Gavin Sky Inc., knew of Conseillant's scheme to defraud Plaintiff and failed to prevent the damage that occurred to her.

51. Upon information and belief, Gavin Sky Inc., is aware of Conseillant current defrauding of Plaintiff and the defrauding of other clients of Gavin Sky Inc. and failed to prevent his scheme.

52. The Defendant's acts and omissions were the actual and proximate cause of all or part of Plaintiff's injuries.

53. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Negligence under Doctrine of Res Ipsa Loquitur)**

54. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

55. Since Defendant Gavin Sky Inc. was responsible for the criminal activity of its employee and shareholder, Conseillant, in every respect, it is responsible for the injuries Conseillant caused under the theory of res ipsa loquitor.

56. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of One Million Dollars ($1,000,000.00).

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Breach of Fiduciary Duty of Confidentiality)**

57. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

58. A fiduciary relationship existed between Plaintiff and Defendant Gavin Sky Inc. and its individual shareholders and members John Does 1-5.

59. Plaintiff entrusted Gavin Sky Inc. and its individual shareholders and members John Does 1-5 with her confidential information.

60. Plaintiff had to provide sensitive personal information for herself, in order to effectuate the filing of her taxes for 2012.

61. Defendants represented that this information would be protected and would remain fully confidential.

62. Relying on that promise, Plaintiff released her personal information to Gavin Sky Inc. and its individual shareholders and members John Does 1-5.

63. Defendant Gavin Sky Inc. and its individual shareholders and members John Does 1-5 breached this fiduciary duty of confidentiality by allowing its employee and shareholder to fraudulently use Plaintiff's personal and confidential information.

64. The Defendant's acts and omissions were the actual and proximate cause of all or part of Plaintiff's injuries.

65. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of One Million Dollars

($1,000,000.00).

### AS AND FOR A SEVENTH CAUSE OF ACTION
**(Violation of New York General Business Law §380-S - identity theft)**

66. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

67. Under New York General Business Law, Defendant Gavin Sky Inc. and its individual shareholders and members John Does 1-5, are prohibited from knowingly and with intent to defraud, obtain, possess, transfer, use, or attempt to obtain, possess, or use Plaintiff's personal information without her consent.

68. Defendant Gavin Sky Inc. and its individual shareholders and members John Does 1-5 knowingly and with intent used Plaintiff's confidential information without her consent.

69. Defendants' acts and omissions were the actual and proximate cause of all or part of Plaintiff's injuries.

70. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of Two Hundred Thousand Dollars ($200,000.00).

### AS AND FOR A TENTH CAUSE OF ACTION
**(Violation of New York General Business Law §349 - deceptive business conduct)**

71. Plaintiff repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

72. This claim is against Defendant Gavin Sky Inc. and its individual shareholders and members John Does 1-5 for deceptive business conduct.

73. New York General Business Law prohibits Gavin Sky Inc. and its individual shareholders and members John Does 1-5 to be involved in deceptive consumer oriented act, which is misleading in a material respect.

74. Defendant Gavin Sky Inc. and its individual shareholders and members John Does 1-5 committed a deceptive consumer oriented act by fraudulently obtaining Plaintiff's personal and confidential information and using it to apply for various credit cards.

75. Defendants' acts and omissions were the actual and proximate cause of all or part of Plaintiff's injuries.

76. By reason of the foregoing, Plaintiff is entitled to recover all of her damages from the Defendant in an amount not to exceed the sum of Two Hundred Thousand Dollars ($200,000.00).

**WHEREFORE**, Plaintiff demands judgment against the defendant in the amount of her damages as set forth above, all together with interest, costs and attorney's fees to the extent permitted by law and for such other and further relief that this Court deems just, proper and equitable.

DATED: NEW YORK, NEW YORK
       July 27, 2016

    Sincerely,

    By:   /s/
    Tahanie A. Aboushi, Esq.
    THE ABOUSHI LAW FIRM, PLLC
    1441 Broadway, Suite 5036
    New York, New York 10018
    Telephone: 212.391.8500
    Facsimile: 212.391.8508

## ATTORNEY VERIFICATION

THE UNDERSIGNED, AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF NEW YORK STATE, TAHANIE A. ABOUSHI, ESQ., THE ATTORNEY FOR THE PLAINTIFF HEREIN.  DEPONENT HAS READ THE FOREGOING COMPLAINT AND KNOWS THE CONTENT TO BE TRUE OF HER OWN KNOWLEDGE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS SHE BELIEVES THEM TO BE TRUE BASED UPON LETTERS, RECORDS AND DOCUMENTS IN HER POSSESSION AND COMMUNICATIONS WITH PLAINTIFF.

THE DEPONENT HAS VERIFIED THIS COMPLAINT IN ACCORDANCE WITH CPLR §3020(D)(3). THE UNDERSIGNED AFFIRMS THAT THE FOREGOING STATEMENTS ARE TRUE, UNDER THE PENALTIES OF PERJURY.

DATED:  New York, New York
July 27, 2016

/s/
TAHANIE A. ABOUSHI, ESQ.